**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEREK TYRONE HARGROVE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION,<br><br>Defendant. | No. 24cv6487 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff/Counterclaim Defendant Derek Tyrone Hargrove, Jr. moves to alter or amend the Court's April 13, 2026 judgment[1] in favor of Defendant Toyota Motor Credit Corporation ("Toyota"). D.E. 74 ("Motion to Amend" or "Amend Mot."). Plaintiff also moves to stay enforcement of the judgment pending resolution of his Motion to Amend. D.E. 73 ("Motion to Stay" or "Stay Mot."). For the reasons set forth below, the Court will **DENY** the Motion to Amend and therefore **DENY** as **MOOT** the Motion to Stay.[2]

## I. BACKGROUND[3]

In May 2019, Plaintiff purchased a 2019 Lexus LC500 under a financing agreement (the "Agreement") with a dealership, which then assigned the Agreement to Toyota. Op. at 2. While the parties dispute whether Plaintiff executed the Agreement on May 9 or May 10, 2019, the

[1] The judgment was included in the Court's decision on the parties' cross-motions for summary judgment, *see* D.E. 70 (the "Opinion" or "Op."), D.E. 71 (the "Order").

[2] The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b).

[3] The Court refers to its April 13, 2026 Opinion for a full factual background, but briefly summarizes the relevant facts.

material terms of the two versions are identical: Plaintiff agreed to finance $125,010.17 at an annual interest rate of 8.69 percent and make monthly payments of $1,988.79. Op. at 2–3, 7.

Plaintiff argued that Toyota improperly altered or postdated the Agreement and reported an inaccurate debt to consumer reporting agencies. D.E. 9 ("Amended Complaint" or "Am. Compl.") ¶¶ 13–37. He brought claims for common law fraud, violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.* ("NJCFA"), violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and violation of 18 U.S.C. § 513. *Id.* Toyota counterclaimed for breach of contract, asserting that Plaintiff owed $121,714.40 under the Agreement. D.E. 12 at 8–10; Op. at 4–5.

Following discovery, both parties moved for summary judgment. D.Es. 61 & 62. On April 13, 2026, the Court granted Toyota's motion and denied Plaintiff's motion. Op. at 13; Order. The Court concluded that Plaintiff had failed to identify a material dispute concerning his contractual obligations or the unpaid balance and had not produced evidence sufficient to support his affirmative claims. Op. at 6–13. The Court entered judgment in Toyota's favor for $121,714.40 and directed Plaintiff to release the proceeds from the vehicle's sale, then held pursuant to a New Jersey Superior Court order, in partial satisfaction of the judgment. Order at 2.

Plaintiff now seeks relief under Rule 59(e). He argues that the Court improperly evaluated his forensic expert's findings, overlooked Toyota's alleged failure to produce native digital files of the Agreement, and performed an incomplete analysis of Plaintiff's FCRA claim. Amend Mot. at 1–5. Plaintiff separately requests that the Court stay enforcement of the judgment against him while his Motion to Amend remains pending. Stay Mot. at 1–3.

## II. DISCUSSION

"A motion to alter or amend a judgment under Rule 59(e) may be granted where the movant demonstrates (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Brown v. Grass*, 544 F. App'x 81, 84 (3d Cir. 2013). A Rule 59(e) motion cannot, however, "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Mere disagreement with the Court's analysis or decision is insufficient grounds to alter or amend the court's judgment. *Oriakhi v. United States*, No. 11-1998, 2011 WL 5040711, at *2 (D.N.J. Oct. 24, 2011).

Here, Plaintiff identifies no intervening change in controlling law, previously unavailable evidence, clear error, or risk of manifest injustice. Instead, Plaintiff argues that the Court made three errors in granting Toyota's summary judgment motion. As explained below, all three of Plaintiff's arguments fail, and therefore the Court will **DENY** Plaintiff's Motion to Amend.

*First*, Plaintiff argues that the Court improperly discounted his forensic expert's report. Amend Mot. at 2–3. More specifically, Plaintiff contends that the expert identified material differences in the two versions of the Agreement, including their fonts, creation software, metadata, and file hash values, and concluded that the files could have been edited. *Id.* The Court, however, considered the expert's report and explained why it did not create a genuine dispute of *material* fact. Op. at 7–8. The Court concluded that the expert did not identify any alteration to a term relevant to Plaintiff's obligations and expressly declined to offer an opinion as to the creation or alteration of the files. *Id.* at 8. Even if the versions were created on different dates, the Agreement's material terms remained the same, and Plaintiff did not dispute agreeing to purchase and finance the vehicle or failing to make the required payments. *Id.* at 6–9. Plaintiff's renewed

reliance on the report therefore does not establish clear error in the Court's analysis of Plaintiff's expert testimony.

*Second*, Plaintiff argues that Toyota failed to produce the Agreement's native digital files and that the Court should not have entered summary judgment without considering how Toyota's failure to do so affected his ability to prove forgery. Amend Mot. at 3–4. Plaintiff acknowledges, however, that the Honorable Jessica S. Allen, U.S.M.J., denied his request to reopen discovery to compel production. *Id.* at 3 (citing D.E. 51). Plaintiff's Motion to Amend does not establish that the alleged production deficiency forms a basis to disturb the judgment. In particular, Plaintiff does not explain how additional metadata would alter the undisputed material terms of the Agreement or the Court's conclusions concerning Plaintiff's obligations, lack of payment, and failure to establish the elements of his fraud claims. *See* Op. at 7–11. As explained above, Rule 59(e) does not allow a party to relitigate matters the Court previously considered or raise arguments that could have been presented before judgment. *See Blystone*, 664 F.3d at 415.

*Third*, Plaintiff argues that the Court erred in dismissing his FCRA claim because the existence of a debt does not necessarily establish that information furnished about the debt was accurate or that Toyota conducted a reasonable investigation. Amend Mot. at 4–5. Although Plaintiff correctly notes that a furnisher's duties under 15 U.S.C. § 1681s-2(b) extend beyond verifying the existence of a debt, those duties arise only after receiving notice from a consumer reporting agency. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358–59 (3d Cir. 2011). Plaintiff relies on his December 2023 complaint to the Consumer Financial Protection Bureau and Toyota's response. Amend Mot. at 4–5. However, that correspondence, standing alone, does not establish the statutory notice from a consumer reporting agency required by § 1681s-2(b). *See*

*SimmsParris*, 652 F.3d at 358 (explaining that notice "must be given by a credit reporting agency, and cannot come directly from the consumer").[4]

Accordingly, the Court will **DENY** Plaintiff's Motion to Amend because none of Plaintiff's arguments establish clear error or manifest injustice requiring amendment of the judgment.

Finally, Plaintiff requests that the Court stay enforcement of the judgment only until the Court rules on his Motion to Amend. Stay Mot. at 1–3. Because the Court resolves Plaintiff's Motion to Amend in this Memorandum Order, the Court will **DENY** as **MOOT** his Motion to Stay.

## III. CONCLUSION AND ORDER

Accordingly,

**IT IS,** on this **16th** day of November, 2026,

**ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, D.E. 74, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Stay Enforcement of Judgment, D.E. 73, is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. Mail; and it is finally

**ORDERED** that this matter shall remain **CLOSED**.

Evelyn Padin, U.S.D.J.

[4] Further, the Court previously found no evidence disputing the accuracy of Plaintiff's outstanding debt. Op. at 12. Plaintiff identifies no overlooked evidence undermining the Court's conclusion.